1 | JOHN P. LeCRONE (State Bar No. 115875)
   | johnlecrone@dwt.com
2 | CAMILO ECHAVARRIA (State Bar No. 192481)
   | camiloechavarria@dwt.com
3 | NICOLE SANDOZ (State Bar No. 260992)
   | nicolesandoz@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
   | 865 South Figueroa Street, 24th Floor
5 | Los Angeles, California  90017-2566
   | Telephone:  (213) 633-6800
6 | Fax:  (213) 633-6899
7 | Attorneys for Defendant
   | PLAYBOY ENTERPRISES
8 | INTERNATIONAL, INC.

FILED
2011 NOV -4  PM 12: 52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

STEVE FRYE, an individual suing on behalf of himself, and the putative class,

    Plaintiff,

vs.

PLAYBOY ENTERPRISES INTERNATIONAL, INC. and DOES 1 through 500

    Defendants.

Case No. **CV11-9186**-JHN (MRWx)

**DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT**

Action Filed: September 30, 2011

*[Declaration Of Jeremy Kenik In Support Thereof Filed Concurrently]*

Courtesy Copy

DEFENDANT'S NOTICE OF REMOVAL
DWT 18411833v1 0061612-000016

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. Sections 1332, 1441, 1446, and 1453, Defendant Playboy Enterprises International, Inc. ("Defendant") files this Notice of Removal of this action from the Superior Court of the State of California for the County of Los Angeles, in which it is now pending, to the United States District Court for the Central District of California. As the basis for removal, Defendant represents that:

1.      Plaintiff Steve Frye ("Plaintiff") commenced this putative class action on September 30, 2011 (the "Complaint") against Defendant in the Los Angeles Superior Court, bearing case number BC 470715 alleging claims for: (1) Violation of the Cal. Civil Code § 51.5; and (2) Violation of the Gender Tax Repeal Act of 1995 (Cal. Civil Code § 51.6).

2.      In his Complaint, Plaintiff asserts, on his own behalf and on behalf of a putative class of "male customer-attendees" claims arising out of a certain charitable event known as "Leather Meets Lace" that Plaintiff alleges occurred at the Playboy Mansion in Los Angeles on October 4, 2008. Plaintiff alleges that where males allegedly were charged more for admission to the event than female attendees, in violation of the Cal. Unruh Act, Cal. Civil Code §§ 51 *et seq.*

3.      A copy of the Summons, Complaint, Notice of Related Case and Civil Case Cover Sheet are attached collectively hereto as Exhibit "A" and incorporated by reference. A copy of Plaintiff's Proof of Service of Summons is attached as Exhibit "B" and incorporated by reference. A copy of Defendant's Answer to the Complaint is attached as Exhibit "C" and incorporated by reference. A copy of a Court Order dated October 19, 2011 is attached as Exhibit "D" and incorporated by reference. A copy of the Notice and Acknowledgment of Receipt is attached as Exhibit "E" and incorporated by reference. A copy of the Notice of Case Management Conference is attached as Exhibit "F" and incorporated by reference.

DEFENDANT'S NOTICE OF REMOVAL
DWT 18411833v1 0061612-000016

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   There have been no further proceedings filed in the Los Angeles Superior Court as

2   of the date of this removal.

3          4.     The Los Angeles Superior Court (where this action was originally

4   filed) is located within the jurisdiction of the United States District Court for the

5   Central District of California.

6          5.     This removal is timely pursuant to 28 U.S.C. §§ 1446 and 1453

7   because not more than 30 days have passed since Defendant received service of

8   Plaintiff's original Summons and Complaint.  Service on Defendant of the original

9   summons and complaint was made by personal service on October 5, 2011.  *See*

10  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

11         6.     Defendant PEII is the only defendant named in the state court action.

12  Defendant is not aware of the existence of, or service on, any "Doe" defendant;

13  consequently, no further consent to removal is required.  *See Emrich v. Touche Ross*

14  *& Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

15         7.     This is a civil action over which this Court has original jurisdiction

16  under 28 U.S.C. §§ 1332(a) and 1332(d), and is one that may be removed to this

17  Court under 28 U.S.C. § 1441.  Because the state court action is pending in the Los

18  Angeles Superior Court, removal of the state court action to this District Court is

19  proper under 28 U.S.C. sections 1391(a) and 1446(a).

20         8.     Pursuant to 28 U.S.C. Section 1332(d)(2), this District Court has

21  original jurisdiction over this civil action as the matter in controversy exceeds the

22  sum or value of $5 million, exclusive of interest and costs, and is a putative class

23  action comprised of at least 100 members in which any member of the class of

24  plaintiffs is a citizen of a state different from any defendant.

25         9.     Plaintiff alleges in the Complaint that he is suing on behalf of all

26  "California males who were denied equal pricing for the Gender-Based Pricing

27  Promotion."  Plaintiff further alleges that he is a "resident of Orange County,

28

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California." *See* Complaint ¶ 8, 9. On information and belief, Plaintiff is a citizen of the State of California.

10.   Defendant PEII is incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois. *See* Declaration of Jeremy Kenik ("Kenik Declaration), at ¶ 3. In addition, PEII has at all times maintained its headquarters and corporate offices at 680 N. Lake Shore Drive, 15th Floor, in Chicago, Illinois. *Id.* Most of PEII's management-level executives perform significant management duties in Chicago, including PEII's Chief Executive Officer, Chief Financial Officer, General Counsel, Senior Vice President of Human Resources and Vice President of Business and Legal. *Id.* PEII's Human Resources, Licensing Group, and Payroll are located in Chicago. *Id.* As such, there is complete diversity between Plaintiff, on the one hand, and Defendant, on the other hand.

11.   In the Complaint, Plaintiff admits that Plaintiff personally witnessed at least 100 men at the "Leather Meets Lace" party, making the potential number of Men's Class members is at least 101. *See* Complaint ¶ 21. Therefore, according to Plaintiff's own estimates, the putative class is at least 100 members.

12.   Defendant denies Plaintiff's allegations regarding PEII's liability and will vigorously oppose certification of the putative class. However, for the purposes of establishing the jurisdictional predicates for removal, Defendant alleges, on information and belief, that the aggregated amount in controversy in this action exceeds $5 million, exclusive of interest and costs.

13.   *First,* Plaintiff's counsel alleges in his Complaint that he is seeking minimum statutory damages of $4000. If each of the men at the party is awarded at least $4000, then the total would be over $400,000. Plaintiff also seeks injunctive relief and reimbursement of costs.

14.   *Second,* Plaintiff's counsel brought a similar case in Los Angeles Superior Court against PEII, alleging virtually identical facts involving a similar

4

DEFENDANT'S NOTICE OF REMOVAL
DWT 18411833v1 0061612-000016

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

event at the Playboy Mansion in May 2009, which was removed to the Central District, entitled *David Long, Jr. v. Playboy Enterprises International, Inc.*, CV11-02128 JAK (AJWx). In that case, Plaintiff's counsel alleged in his letter dated February 16, 2011, that "Playboy is liable for damages between $1,000,000 and $4,000,000 for this event alone." *See* Exhibit "A" to Kenik Declaration. If the same is true here, then the aggregated amount in controversy will exceed $5 million.

15.     *Third*, the aggregate amount in controversy totals at least $5 million, which does not include additional statutory penalties and attorneys' fees to which Plaintiff asserts in the Complaint he is entitled, all of which must be included in calculating the amount in controversy for purposes of removal. *See* 28 U.S.C. § 1332(d)(2). On information and belief, Defendant alleges that Plaintiff's attorneys' fees in this class action likely will exceed $250,000. *See also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (statutory penalties may be included in jurisdictional amounts); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992) (plaintiffs' pro rata share of statutory attorneys' fees included in jurisdictional amount). Thus, the amount in controversy threshold of $5 million is satisfied.

16.     As there is complete diversity of citizenship and the amount in controversy exceeds $5,000,000, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Thus, for this reason too, this action is removable under 28 U.S.C. § 1441.

17.     Defendant certifies that written notice of the filing of this Notice of Removal will be promptly given to Plaintiff and to the Clerk of Court of Los Angeles Superior Court.

WHEREFORE, Defendant prays that the above-described civil action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DEFENDANT'S NOTICE OF REMOVAL
DWT 18411833v1 0061612-000016

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    DATED:  November 3, 2011      DAVIS WRIGHT TREMAINE LLP

2                                      John P. LeCrone
                                       Camilo Echavarria

3                                        Nicole M. Sandoz

4

5                      By: _John P. LeCrone / NMS_
                                    John P. LeCrone

6                   Attorneys for Defendants

7                   PLAYBOY ENTERPRISES
                  INTERNATIONAL, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL
DWT 18411833v1 0061612-000016

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

10-5-11
2:35~

## SUMMONS

SUM-100

### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** PLAYBOY ENTERPRISES INTERNATIONAL,
**(AVISO AL DEMANDADO):** INC., and DOES 1 through 500.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY
ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**SEP 30 2011**

John A. Clarke, Executive Officer/Clerk

BY _____ , Deputy
Rugena Juliano

**YOU ARE BEING SUED BY PLAINTIFF:** STEVE FRYE, an individual
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** suing on behalf of
himself, and the putative class.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:)<br>SUPERIOR COURT OF CALIFORNIA<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012<br>STANLEY MOSK COURTHOUSE | CASE NUMBER:<br>(Número del Caso:)<br>**BC470715** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
ERIK C. JENKINS (SBN 188264)                           (858) 450-4050
FULLER JENKINS
11975 EL CAMINO REAL, SUITE 200
SAN DIEGO, CA 92130

**JOHN A. CLARKE, CLERK**        Rugena Juliano

DATE:                                                                      Clerk, by _____ , Deputy
(Fecha) **SEP 30 2011**                                            (Secretario)                                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): PLAYBOY ENTERPRISES INTERNATIONAL, INC.

under: [X] CCP 416.10 (corporation)            [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal
Solutions
Plus

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**

Case Number _____

BC470715

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirde Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

*****Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

**The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).**

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1839 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

**Partially Funded by the Los Angeles County Dispute Resolution Program**

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ERIK C. JENKINS (SBN 188264)<br>FULLER JENKINS<br>11975 EL CAMINO REAL, SUITE 200<br>SAN DIEGO, CA 92130 | **CONFORMED COPY**<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
| TELEPHONE NO.: (858) 450-4050   FAX NO. (Optional): (858) 450-4051 | SEP 30 2011 |
| E-MAIL ADDRESS (Optional): | John A. Clarke, Executive Officer/Clerk |
| ATTORNEY FOR (Name): STEVE FRYE | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

BY _____ , Deputy
Virgena Juliano

PLAINTIFF/PETITIONER: STEVE FRYE

DEFENDANT/RESPONDENT: PLAYBOY ENTERPRISES INTERNATIONAL,
INC. and DOES 1 through 500

| CASE NUMBER: |
|---|
| JUDICIAL OFFICER: |
| DEPT: |

**NOTICE OF RELATED CASE**

BC470715

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a. **Title:** DAVID LONG, JR. v. PLAYBOY ENTERPRISES INTERNATIONAL, INC.
    b. **Case number:** CV-11-02128-JAK-(AJWx)
    c. **Court:** [ ] same as above
       [X] other state or federal court *(name and address):* UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, LOS ANGELES, CA 90012
    d. **Department:** 750
    e. **Case type:** [ ] limited civil [X] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
    f. **Filing date:** 01/31/11
    g. Has this case been designated or determined as "complex?" [ ] Yes [X] No
    h. **Relationship of this case to the case referenced above** *(check all that apply):*
       [X] involves the same parties and is based on the same or similar claims.
       [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       [X] involves claims against, title to, possession of, or damages to the same property.
       [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
       [ ] Additional explanation is attached in attachment 1h
    i. **Status of case:**
       [X] pending
       [ ] dismissed [ ] with [ ] without prejudice
       [ ] disposed of by judgment.

2.  a. **Title:** FRYE v. KING RYAN EVENTS
    b. **Case number:** BC404193
    c. **Court:** [X] same as above
       [ ] other state or federal court *(name and address):*
    d. **Department:** 54
    e. Filing date: 01/27/11

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]   **NOTICE OF RELATED CASE**   Cal. Rules of Court, rule 3.300

Legal
Solutions
Plus

NOTICE OF RELATED CASE

CM-015

| PLAINTIFF/PETITIONER:  STEVE FRYE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  PLAYBOY ENTERPRISES INTERNATIONAL, INC. and DOES 1 through 500 | |

2. *(continued)*

   e. Case type:  ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

   f. Filing date:  12/18/08

   g. Has this case been designated or determined as "complex?"  ☐ Yes  ☒ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

      ☒ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   k. Status of case:

      ☐ pending

      ☒ dismissed   ☐ with   ☒ without prejudice

      ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court:  ☐ same as above
              ☐ other state or federal court *(name and address)*:

   d. Department:

   e. Case type:  ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

   f. Filing date:  12/18/08

   g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   f. Status of case:

      ☐ pending

      ☐ dismissed   ☐ with   ☐ without prejudice

      ☐ disposed of by judgment

4:  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 09/29/11

ERIK C. JENKINS, ESQ.
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)                    ►            (SIGNATURE OF PARTY OR ATTORNEY)

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>ERIK C. JENKINS (SBN 188264)<br>FULLER JENKINS<br>11975 EL CAMINO REAL, SUITE 200<br>SAN DIEGO, CA 92130<br>TELEPHONE NO.: (858) 450-4050   FAX NO.: (858) 450-4051<br>ATTORNEY FOR (Name): STEVE FRYE | FOR COURT USE ONLY<br>CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>SEP 30 2011<br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Eugene Tulano |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME: FRYE V. PLAYBOY ENTERPRISES INTERNATIONAL, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC470715<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | Unlawful Detainer | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07)<br>[X] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38) | [ ] Enforcement of judgment (20) |
| | Judicial Review | Miscellaneous Civil Complaint |
| | [ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] RICO (27)<br>[ ] Other complaint (not specified above) (42) |
| Employment | | Miscellaneous Civil Petition |
| [ ] Wrongful termination (36)<br>[ ] Other employment (15) | | [ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): TWO
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 09/29/11

ERIK C. JENKINS (SBN 188264)
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal Solutions Plus

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: FRYE V. PLAYBOY ENTERPRISES INTERNATIONAL, INC. | CASE NUMBER | BC47071⁴ |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | | | |
| Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | | |
| Asbestos (04) | [ ] A6070  Asbestos Property Damage | | 2. |
| | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | | 2. |
| Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | | 1., 2., 4. |
| | [ ] A7240  Other Professional Health Care Malpractice | | 1., 2., 4. |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e.g., slip and fall) | | 1., 2., 4. |
| | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | | 1., 2., 4. |
| | [ ] A7270  Intentional Infliction of Emotional Distress | | 1., 2., 3. |
| | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | | |
| Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | | 1., 2., 3. |
| Civil Rights (08) | [X] A6005  Civil Rights/Discrimination | | ①, 2., ③ |
| Defamation (13) | [ ] A6010  Defamation (slander/libel) | | 1., 2., 3. |
| Fraud (16) | [ ] A6013  Fraud (no contract) | | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

CIVIL CASE COVER SHEET ADDENDUM

| SHORT TITLE: FRYE V. PLAYBOY ENTERPRISES INTERNATIONAL, INC. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful<br>eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure | 2., 5. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer -<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Side labels (vertical):
- Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)
- Employment
- Contract
- Real Property
- Unlawful Detainer
- Judicial Review

| SHORT TITLE: FRYE V. PLAYBOY ENTERPRISES INTERNATIONAL, INC. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

CIVIL CASE COVER SHEET ADDENDUM

| SHORT TITLE: FRYE V. PLAYBOY ENTERPRISES INTERNATIONAL, INC. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1. □2. [X]3. □4. □5. □6. □7. □8. □9. □10. | 2706 MEDIA CENTER DRIVE<br>LOS ANGELES CA  90065 |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| LOS ANGELES | CA | 92012 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the CENTRAL courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 09/29/11

_signature_

ERIK C. JENKINS, ESQ.
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1  Craig D. Fuller (Bar No. 158482)
   Erik C. Jenkins (Bar No. 188264)
2  **FULLER JENKINS**
3  11975 El Camino Real, Suite 200
   San Diego, California 92030
4  Telephone: (858) 450-4050
   Fax: (858) 450-4051
5

6  Attorneys for Plaintiff

7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 30 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Yrgenia Aliano

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DIVISION**

                                              **BC470715**

10 STEVE FRYE, an individual suing on behalf     Case No.
11 of himself, and the putative class,
                                                 **CLASS ACTION**
12                    Plaintiff,
                                                 **COMPLAINT FOR INJUNCTIVE RELIEF**
13              VS.                              **AND DAMAGES RE:**
14
15 PLAYBOY ENTERPRISES                           1. **Violation of Civil Code § 51.5 and**
   INTERNATIONAL, INC. and DOES 1                2. **Violation of the Gender Tax Repeal Act of**
16 through 500.,                                     **1995, Civil Code §51.6;**
17                    Defendants.
                                                 **UNLIMITED JURISDICTION**
18
19
20
21
22
23
24
25
26
27
28

        Plaintiff STEVE FRYE, individually and on behalf of the class described herein, complains
with regard to defendants PLAYBOY ENTERPRISES INTERNATIONAL, INC. and DOES 1
through 500., and each of them, as follows:

                                              2

                                              1

              Complaint for Injunctive Relief and Damages

ULLER
JENKINS

## NATURE AND BASIS OF ACTION

1.     Arbitrary discrimination premised on suspect classifications is abhorrent to a free and open society.   In recognition of this, the California Legislature has enacted numerous laws to ensure that all persons in California are treated with respect and dignity irrespective of such immutable characteristics as gender, color, culture or ancestry.

2.     Civil Code section 51.5 proscribes businesses from engaging in business practices which discriminate based, among other things, on gender.

3.     The Gender Tax Repeal Act of 1995, codified in Civil Code section 51.6 prohibits businesses from employing discriminatory differential pricing with regard to services on the basis of gender.  This Act reinforces the statewide policy of non-discrimination articulated under the Unruh Civil Rights Act, but is confined to acts of discrimination premised on gender exclusively.

4.     The scope of Civil Code section 51.5 and the Gender Tax Repeal Act (Civil Code section 51.6) is broad, and the Legislature has imposed a remedial scheme pursuant to which violators are dealt with severely.  Penalties include the assessment of mandatory-minimum $4,000 statutory damages and the award of attorneys' fees.  Parties liable under either Civil Code section 51.5 or the Gender Tax Repeal Act (Civil Code section 51.6) include not only the principal party involved in the discrimination, but those who aide or incite the discriminatory practices as well. (See, Civil Code section 52 (a).)

5.     This class action arises as a result of Defendants' intentional acts of discrimination against men who were denied equal pricing for the purchase of an admission ticket for the second annual "Leather Meets Lace" event, which occurred October 4, 2008 (hereinafter alternatively referred to as "Leather Meets Lace" or the "Gender-Based Pricing Promotion") and which Gender-Based Pricing Promotion was widely advertised over the internet and other media at least several months prior to the Leather Meets Lace event.  During the Gender-Based Pricing Promotion, female customers[1] were offered a free or reduced price admission as long as they abided by the terms and conditions of the promotion.  The Leather Meets Lace male customers, however, were denied the

---

[1] Promoters issued complimentary tickets to "gorgeous ladies only" via various online promotions and advertisements.

1  same offer for admission.

2       6.    With regard to the male customer-attendees of Leather Meets Lace, the effect of this

3  unlawful conduct of advertising and conducting a Gender-Based Pricing Promotion, has been to

4  deny Plaintiff and the putative class members, equal treatment under the law by requiring them to

5  expend thousands of dollars more for the same, or essentially the same, services, entertainment and

6  products offered to the female attendees of Leather Meets Lace, thereby promoting harmful negative

7  stereotypes contrary to California public policy as articulated by the California Supreme Court in

8  *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 37 and its progeny, and further articulated by the

9  California Legislature in the legislative history of Civil Code sections 51.5 and 51.6.

10       7.    This unlawful conduct has additionally allowed Defendants to gain an unfair

11  advantage over their similarly-situated competitors who have lost business and goodwill to

12  Defendants as a direct consequence of this Gender-Based Pricing Promotion.  Defendants' sharp

13  pricing practices have therefore substantially harmed competition in the relevant industry.

14       8.    These claims are prosecuted by a single class, the "Men's Class."  This class is

15  comprised of California males who were denied equal pricing for the Gender-Based Pricing

16  Promotion.  By this action, brought pursuant to the theories and principles asserted herein, Plaintiff

17  seeks redress for these wrongs on behalf of himself and the putative "Men's Class."

18                                   **PARTIES**

19       9.    Plaintiff STEVE FRYE is an adult resident of Orange County, California, who was

20  denied equal pricing for the above-referenced Gender-Based Pricing Promotion.  Plaintiff Frye is

21  suing in his individual capacity and as a member and proposed Class Representative of the Men's

22  Class. Mr. Frye is an equal rights activist who has participated as a class representative in several

23  lawsuits wherein men were charged more than women for the same, or essentially the same, services

24  in violation of California's anti-discrimination statutory scheme.

25       10.    At all relevant times alleged herein, defendant PLAYBOY ENTERPRISES

26  INTERNATIONAL, INC. was a corporation doing business in California pursuant to a certificate of

27  qualification issued it by the Secretary of State as provided by Corporations Code section 2105 et

28  seq.

ULLER
JENKINS

3

Complaint for Injunctive Relief and Damages

11.     Defendants, and each of them, either participated directly in the gender-based pricing promotion described herein or aided and incited discriminatory practices in violation of Civil Code section 52 (a) and other code sections cited herein by assisting in the promotion of the gender-based pricing promotion and/or sponsoring the gender-based pricing promotion through activities including advertising.

12.     Does 1 through 500, inclusive, are sued herein under fictitious names.  Their true names and capacities, whether individual, corporate or otherwise, are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by those Defendants.  Each reference in this complaint to "Defendant," "Defendants" or a specifically named Defendant refers also to all Defendants sued under fictitious names.

13.     Unless otherwise alleged, whenever reference is made in this complaint to any act of "Defendant," "Defendants" or a specifically named Defendant, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants named in the complaint.

14.     Unless otherwise alleged, whenever reference is made in this complaint to any act or omission of any corporate or business Defendant, such allegation shall mean that such corporation or other business Defendant did the acts or omissions alleged in this complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or apparent scope of their authority.

15.     At all relevant times alleged herein, each of the Defendants has acted as an agent, representative, or employee of each of the other Defendants and has acted within the course and scope of said agency or representation.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction to preside over this matter pursuant to Article VI, section 10 of the California Constitution because this action is a cause not given by statute to other trial courts. Jurisdiction is further premised on, *inter alia*, the Gender Tax Repeal Act of 1995 (Civ.



ULLER
JENKINS

4

1   Code, § 51.6), Civil Code section 51.5 and Code of Civil Procedure section 382.

2       17.     This Court has jurisdiction over the Defendants in this action in that all Defendants

3   are qualified with the California Secretary of State to do business in the State of California; or

4   because they do sufficient business in California; or because they otherwise have sufficient

5   minimum contacts in California to render the exercise of jurisdiction over them by California courts

6   consistent with traditional notions of fair play and substantial justice.

7       18.     Plaintiff is informed and believes, and on that basis alleges, that venue is proper in

8   this particular Court because:

9   a) Plaintiff was denied equal pricing for Defendants' Gender-Based Pricing Promotion while he

10      was located in Los Angeles County, California; and

11  ▮Upon information and belief, defendant PLAYBOY ENTERPRISES INTERNATIONAL,

12      INC.'s Articles of Incorporation and/or other relevant documents files with the California

13      Secretary of State list a physical address in Los Angeles County, California thereby rendering

14      them subject to being hailed into court in Los Angeles County; and

15  c) All defendants have engaged in business activities in the State of California, County of Los

16      Angeles, as alleged herein, that render them subject to being hailed into court in Los Angeles

17      County.

18                          **CLASS ALLEGATIONS**

19      19.     This class action is filed under the provisions of California Code of Civil Procedure

20  section 382, which provides that a class action may be brought when the question is one of common

21  interest to many persons, or when the number of persons is numerous and it is impracticable to bring

22  them all before the court.  This action is properly maintained as a class action for the reasons set

23  forth below.

24                          **MEN'S CLASS**

25      20.     Plaintiff STEVE FRYE is a proposed representative of the Men's Class, defined as

26  follows:

27      "Males who, on the basis of their gender, were denied free or reduced admission available to

28      the second annual Leather Meets Lace promotion held at the Playboy Mansion in Los

ULLER
JENKINS        County.

                              5

                Complaint for Injunctive Relief and Damages

Angeles, California on October 4, 2008."

21.    Upon information and belief, the Men's Class for whose benefit this action is brought consists of hundreds of men whose claims, except as to amount of damages, are otherwise identical, and whose repetitive testimony at trial would be impracticable, unnecessary, and an inefficient use of judicial resources.  Specific to those putative class members who attended Leather Meets Lace, Plaintiff Frye witnessed at least 100 male attendees, making the potential number of Men's Class members at least 101.  The large list of absent members of the Men's Class is within the exclusive possession and control of Defendants, and is not now known to Plaintiff, although the list may be readily obtained using statutory discovery procedures.

22.    There are questions of law and fact common to members of the Men's Class and which predominate over questions involving individual members of this class.   The common questions include:

a) Whether Defendants' Gender-Based Pricing Promotion unlawfully discriminated against members of the Men's Class on the basis of their gender;

b) Whether Defendants' Gender-Based Pricing Promotion violated Civil Code section 51.5 by unlawfully discriminating against members of the Men's Class on the basis of their gender;

c) Whether Defendants' Gender-Based Pricing Promotion violated Civil Code section 51.6 by unlawfully discriminating against members of the Men's Class on the basis of their gender;

23.    There is a well-defined community of interest regarding the questions of law and fact involved in the parties to be represented.  Plaintiff Frye's claims are typical of the claims of the absent members of the Men's Class.  The claims fairly encompass the claims of the absent members of the Men's Class.  Plaintiff Frye and the absent members of the Men's Class are similarly situated and identically harmed by the same course of unlawful conduct alleged herein.  A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Defendants' practices are common to all members of the Men's Class and judicial economy is not served by multiple actions with duplicative and repetitive testimony.

24.    Plaintiff Frye is aware of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

ULLER
JENKINS

6

Complaint for Injunctive Relief and Damages

25.    The names and addresses of many of the class members of the Men's Class are readily ascertainable from the records of the Defendants herein and can be obtained through discovery.

26.    Plaintiff Frye and his counsel will fairly and adequately protect the interests of the absent members of the Men's Class.  There are no material conflicts between Plaintiff Frye's claims and those of the absent members of the Men's Class that would make class certification inappropriate.  Plaintiff has retained counsel who are competent and experienced in class action litigation who will vigorously assert class representative's claims and those of the absent members of the Men's Class.  Plaintiff's counsel further has substantial experience pursuing civil rights claims, including claims brought under Civil Code section 51.5 and the Gender Tax Repeal Act of 1995 (Civil Code section 51.6).

27.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs in prosecuting this action against Defendants pursuant to Civil Code section 52 and Code of Civil Procedure section 1021.5.

## FACTS

28.    Plaintiff paid the full $1,000[2] advertised "men's price" for admission and attended the October 4, 2008 second annual Leather Meets Lace promotion, which was held at the Playboy Mansion in Los Angeles California.

29.    Plaintiff witnessed over 100 other male attendees of the October 4, 2008 second annual Leather Meets Lace Promotion, all of whom, upon information and belief, were made to pay $1,000 for admission to the same event.

30.    Upon information and belief, female attendees of the October 4, 2008 second annual Leather Meets Lace promotion, which was held at the Playboy Mansion in Los Angeles California, were admitted for free or for a rate that was less than the rate charged to the events' male attendees.

## FIRST CAUSE OF ACTION
### Discriminatory Business Practices in Violation of Civil Code section 51.5

[2] Mr. Frye's admission ticket was taxed.  His total admission price was $1,030.00.

7

ULLER
JENKINS

## AGAINST ALL DEFENDANTS AND DOES 1-500

31.    Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

32.    By virtue of their conduct alleged herein, Defendants, and each of them, intentionally discriminated against Plaintiff STEVE FRYE, and each of the absent members of the men's class, on the basis of his gender as proscribed by Civil Code section 51.5.

33.    By their conduct, Defendants, and each of them, caused Plaintiff and the absent members of the Men's Class to sustain damages.

34.    Said discrimination renders Defendants, and each of them, liable to Plaintiff Frye and the absent members of the Men's Class "for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto...." (Civ. Code, § 52, subd. (a).)

35.    Said discrimination further renders Defendants, and each of them, subject to injunctive relief.

36.    Any remedy or relief awarded Plaintiff or the absent members of the Men's Class as a result of Defendants' liability for violations of Civil Code section 51.5 is "independent of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to any other law." (Civ. Code, § 52, subd. (e).)

### SECOND CAUSE OF ACTION

**Discriminatory Business Practices in Violation of the Gender Tax Repeal Act of 1995**

**(Civil Code § 51.6 et seq.)**

## AGAINST ALL DEFENDANTS AND DOES 1-500

37.    Plaintiff incorporates into this cause of action the allegations contained in each and every preceding paragraph of this complaint as if the same were set out at length herein.

38.    By virtue of their conduct alleged herein, Defendants, and each of them, intentionally discriminated against STEVE FRYE solely on the basis of his gender as proscribed by

Complaint for Injunctive Relief and Damages

ILLER
JENKINS

1  the Gender Tax Repeal Act of 1995, Civil Code section 51.6 et seq.

2      39.      By their conduct, Defendants, and each of them, caused Plaintiff Frye and the absent
3  members of the Men's Class to sustain damages.

4      40.      Said discrimination renders Defendants, and each of them, liable to Plaintiff Frye
5  and the absent members of the Men's Class "for each and every offense for the actual damages, and
6  any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of
7  three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and
8  any attorneys' fees that may be determined by the court in addition thereto…."  (Civ. Code, § 52,
9  subd. (a).)

10     41.      Said discrimination further renders Defendants, and each of them, subject to
11 injunctive relief.

12     42.      Any remedy or relief awarded Plaintiff or the absent members of the Men's Class as
13 a result of Defendants' liability for violations of the Gender Tax Repeal Act of 1995 is "independent
14 of any other actions, remedies, or procedures that may be available to an aggrieved party pursuant to
15 any other law." (Civ. Code, § 52, subd. (e).)

16                              **PRAYER FOR RELIEF**

17 WHEREFORE, Plaintiff prays that the Court:

18 **FOR THE FIRST CAUSE OF ACTION:**

19     1.  Award Plaintiff and the absent members of the Men's Class actual damages according to
20         proof or as otherwise required by statute;

21     2.  Award Plaintiff and the absent members of the Men's Class statutorily mandated exemplary
22         damages according to proof or as otherwise required by statute;

23     3.  Permanently enjoin Defendants, and each of them, from engaging in discriminatory practices
24         in violation of Civil Code section 51.5;

25     4.  Award Plaintiff and the absent members of the Men's Class their attorneys' fees according to
26         proof or as required and/or permitted by statute including, but not limited to, sections 52 of
27         the Civil Code and 1021.5 of the Code of Civil Procedure;

28     5.  Award Plaintiff and the absent members of the Men's Class their costs; and

6. Grant such other and further relief as the Court deems just and proper, including without limitation, the complete disgorgement of all ill-gotten gains according to proof or as otherwise required by statute.

**FOR THE SECOND CAUSE OF ACTION:**

1. Award Plaintiff and the absent members of the Men's Class actual damages according to proof or as otherwise required by statute;

2. Award Plaintiff and the absent members of the Men's Class statutorily mandated exemplary damages according to proof or as otherwise required by statute;

3. Permanently and/or temporarily enjoin Defendants, and each of them, from engaging in discriminatory practices in violation of the Gender Tax Repeal Act of 1995, Civil Code section 51.6;

4. Award Plaintiff and the absent members of the Men's Class their attorneys' fees according to proof or as required and/or permitted by statute including, but not limited to, sections 52 of the Civil Code and 1021.5 of the Code of Civil Procedure;

5. Award Plaintiff and the absent members of the Men's Class their costs; and

6. Grant such other and further relief as the Court deems just and proper, including without limitation, the complete disgorgement of all ill-gotten gains according to proof or as otherwise required by statute.

**JURY TRIAL DEMANDED:**

Plaintiff requests a jury trial in this matter and agrees to pay all fees and costs associated therewith that are chargeable to him at the appropriate time.

Respectfully submitted,

Dated: 9/29/11

FULLER JENKINS

By: **ERIK C. JENKINS, ESQ.**
Attorneys for Plaintiff

10

Complaint for Injunctive Relief and Damages

# EXHIBIT B

October 5, 2011                     Advanced Attorney Services, Inc. fax /tax (619) 299-5056        3 24                    **POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | SBN: 188264 | FOR COURT USE ONLY |
|---|---|---|---|

ERIK C. JENKINS, ESQ.
FULLER JENKINS
11975 EL CAMINO REAL, SUITE 200   SAN DIEGO, CA 92130
TELEPHONE NO.: **(858) 450-4050**        FAX NO.*(Optional)*:   **(858) 450-4051**
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **Plaintiff: FRYE**

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: **111 NORTH HILL ST.**
MAILING ADDRESS:
CITY AND ZIP CODE: **LOS ANGELES, CA 90012**
BRANCH NAME: **CENTRAL DISTRICT**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**OCT 1 1 2011**

John A. Clarke, Executive Officer/Clerk
BY _Raul Sanchez_, Deputy
        Raul Sanchez

| PLAINTIFF/PETITIONER:   FRYE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   **PLAYBOY ENTERPRISES** | **BC470715** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*                    **BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*:  **CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF RELATED CASES**

3. a.  Party served *(specify name of party as shown on documents served)*:
   **PLAYBOY ENTERPRISES INTERNATIONAL, INC.**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **MARGARET WILSON - PERSON AUTHORIZED TO ACCEPT**

   | Age: 60 | Weight: 130 | Hair: GRAY | Sex: female |
   |---|---|---|---|
   | Height: 5-2 | Eyes: | Race: CAUCASIAN | Marks: |

4. Address where the party was served: **818 WEST 7TH STREET**
   **LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **10/05/2011**   (2) at *(time)*: **02:35 pm**

   b. ☐ **by substituted service.** On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:    from *(city)*:    **or** ☐ a declaration of mailing is attached.

      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

October 5, 2011.                    Advanced Attorney Services, Inc. fax (619) 299-5058

| PETITIONER: **FRYE** | ● | ● | CASE NUMBER: |
|---|---|---|---|
| RESPONDENT: **PLAYBOY ENTERPRISES** | | BY FAX | **BC470715** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☒ On behalf of *(specify):* **PLAYBOY ENTERPRISES INTERNATIONAL, INC.**

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

    a. Name: **VICTOR ENRIQUE MENDEZ - Advanced Attorney Services, Inc.**

    b. Address: **3500 Fifth Ave.  San Diego, CA 92103**

    c. Telephone number: **(619) 299-2012**

    d. **The fee** for service was: **$ 68.45**

    e. I am:

      (1) ☐ not a registered California process server.

      (2) ☒ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☒ registered California process server:

        (i) ☐ owner    ☐ **employee**    ☒ **independent contractor.**

        (ii) Registration No.: **3428**

        (iii) County: **LOS ANGELES**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

    Date: **10/05/2011**

**Advanced Attorney Services, Inc.**
**3500 Fifth Ave.**
**San Diego, CA 92103**
**(619) 299-2012**

    **VICTOR ENRIQUE MENDEZ**     ▶
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT C

JOHN P. LeCRONE (State Bar No. 115875)
johnlecrone@dwt.com
CAMILO ECHAVARRIA (State Bar No. 192481)
camiloechavarria@dwt.com
NICOLE SANDOZ (State Bar No. 260992)
nicolesandoz@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
PLAYBOY ENTERPRISES INTERNATIONAL, INC.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 24 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Mary Flores

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DIVISION

|  |  |
|---|---|
| STEVE FRYE, an individual suing on behalf of himself, and the putative class,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC. and DOES 1 through 500<br><br>Defendants. | Case No. BC470715<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Assigned to the Hon. Terry Green Dept. 14<br><br>Action Filed:  September 30, 2011 |

COPY

Defendant Playboy Enterprises International, Inc. ("PEII"), answering for itself and no others, responds to the unverified Complaint ("Complaint") of plaintiff Steve Frye ("Plaintiff") as follows:

### GENERAL DENIAL

1.      Pursuant to California Code of Civil Procedure § 431.30(d), PEII denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2.      PEII further denies that Plaintiff, and the putative class, has sustained any injury, damage or loss by reason of any act or omission on the part of PEII, and specifically denies that Plaintiff, and the putative class, suffered any of the damages alleged in the Complaint.

3.      PEII further denies that Plaintiff, and the putative class, is entitled to any relief against PEII on any ground whatsoever, and denies that Plaintiff, and the putative class, is entitled to damages against PEII in any amount.

### AFFIRMATIVE AND OTHER DEFENSES

4.      Having fully answered the allegations in the Complaint, PEII asserts the following additional and other affirmative defenses as to each and every cause of action of the Complaint. In so doing, PEII does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

5.      Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against PEII.

### SECOND AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

6.      The Complaint, and each and every cause of action therein, is barred by the applicable statute(s) of limitations.

---

DEFENDANT'S ANSWER TO COMPLAINT
DWT 18382808v1 0061612-000016

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

7.      Plaintiff's Complaint, and each purported cause of action therein, is barred pursuant to the doctrine of unclean hands.  Plaintiff is one of a number of "Ladies' Night Plaintiffs, who file lawsuits alleging gender discrimination, along and in concert with other "Ladies' Night" Plaintiffs, for the sole purpose of obtaining quick settlements and generating attorneys' fees.  Plaintiff has filed at least five gender discrimination actions, in addition to this one, in Los Angeles, Orange, and San Diego counties since December 18, 2008.  The complaints in each of these actions are "boilerplate" complaints with only minor variations in the facts. Courts have condemned such conduct as "shakedowns," "judicial extortion," and "improper." One court has held, in commenting on a suit filed by one of Plaintiff's Ladies' Night colleagues, that the power and efficacy of the Unruh Act should not be denigrated by applying it to manufactured injuries, such as the ones alleged by Plaintiffs in this action.

### FOURTH AFFIRMATIVE DEFENSE

#### (Estoppel/Wavier)

8.      Plaintiff has waived and is estopped by his own acts or omissions from recovery against PEII for the alleged loss, injury or damage suffered by him, if any.

### FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Justifiable Reliance)

9.      Plaintiff is barred from asserting each and every purported cause of action set forth in the Complaint because he did not justifiably or detrimentally rely on any communication, conduct or omission of PEII.

### SIXTH AFFIRMATIVE DEFENSE

#### (Fault of Plaintiffs, the Putative Class or Third Parties)

10.     If Plaintiff, and the purported class, sustained any damages, which PEII denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff, the putative class, and/or third parties, or, Plaintiff, the putative class and/or third parties

1   otherwise were at fault.  Plaintiff, and the putative class, is therefore not entitled to any relief

2   under the Complaint or under any cause of action purported to be alleged against PEII therein, or

3   recovery, if any, should thereby be reduced in proportion to such fault.

4   ## SEVENTH AFFIRMATIVE DEFENSE

5   ### (Avoidable Consequences)

6   11.   Plaintiff is barred from asserting each and every purported cause of action set forth

7   in the Complaint by the doctrine of avoidable consequences.  Plaintiff is one of a number of

8   "Ladies' Night Plaintiffs, who file lawsuits alleging gender discrimination, along and in concert

9   with other "Ladies' Night" Plaintiffs, for the sole purpose of obtaining quick settlements and

10   generating attorneys' fees.  Plaintiff has filed at least five gender discrimination actions, in

11   addition to this one, in Los Angeles, Orange, and San Diego counties since December 18, 2008.

12   The complaints in each of these actions are "boilerplate" complaints with only minor variations in

13   the facts.  Courts have condemned such conduct as "shakedowns," "judicial extortion," and

14   "improper."  One court has held, in commenting on a suit filed by one of Plaintiff's Ladies' Night

15   colleagues, that the power and efficacy of the Unruh Act should not be denigrated by applying it

16   to manufactured injuries, such as the ones alleged by Plaintiffs in this action.

17   Far from suffering any unexpected injury, Plaintiff deliberately seeks out businesses that

18   offer discounts to women, patronize them for the purpose of generating a lawsuit, and then file

19   suit for the purpose of "shaking down" the business for settlement.  In the words of one court,

20   they "deliberately generated their injury."

21   ## EIGHTH AFFIRMATIVE DEFENSE

22   ### (Standing)

23   12.   Plaintiff's claims, and those of the purported class, are barred, in whole or in part,

24   because Plaintiff lacks standing to assert the causes of action alleged in the Complaint, either

25   individually or in a representative capacity, including but not limited to the fact that Plaintiff has

26   no injury in fact, has not lost money or property as a result of the action of PEII, did not tender

27   any money to PEII for any of the goods or services alleged in the Complaint, and were not

28   charged by PEII for any of the goods or services alleged in the Complaint.

3

DEFENDANT'S ANSWER TO COMPLAINT
DWT 18382808v1 0061612-000016

## NINTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

13.     Plaintiff and any person he purports to represent, is barred from recovery in that any damage sustained by Plaintiff, and the putative class he purports to represent, was the direct and proximate result of the independent, intervening, negligent and unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Apportionment)

14.     Defendant denies any legal responsibility for the harm alleged in the Complaint; however, to the extent that Defendant is found to be legally responsible, Defendants' legal responsibility is not the sole and proximate cause of the injuries alleged in the Complaint, and any amounts awarded are to be apportioned in accordance with the fault and legal responsibility, if any, of all parties, persons and entities who contributed to and/or caused said harm.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedies At Law)

15.     Plaintiff is barred from asserting the request for equitable relief alleged because Plaintiff has adequate remedies at law, and equitable relief, including injunctive relief, is neither necessary, proper or available because, for example, Plaintiff, and the putative class, cannot obtain injunctive relief based on past conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Risk of Substantial Prejudice)

16.     This action is not properly maintainable as a class action, because there is little to no risk of substantial prejudice that each putative class member will file a separate lawsuit and, accordingly, there is little to no risk of inconsistent standards of adjudication and there is little to no risk that separate lawsuits would somehow impair the interests of other alleged putative class members.

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

17.     This action is not properly maintainable as a class action, because Plaintiff's claims or defenses are unique to Plaintiff and/or Plaintiff is not capable of adequately representing the putative class. Plaintiff is one of a number of "Ladies' Night Plaintiffs, who file lawsuits alleging gender discrimination, along and in concert with other "Ladies' Night" Plaintiffs, for the sole purpose of obtaining quick settlements and generating attorneys' fees. He has deliberately generated his injury. Other potential members of the class are not likely to be "Ladies Night" Plaintiffs, such as Plaintiff, and therefore the issues that Plaintiff will have to litigate will be substantially different from those pertaining to other potential class members who potentially do not have unclean hands, do not lack standing, and have no deliberately generated injury.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

18.     This action is not properly maintainable as a class action, because Plaintiff cannot establish all the elements necessary for class certification in that, among other things, the putative class is not ascertainable, there does not exist a well-defined community of interest as to the questions of law and fact involved, and the putative class is sufficiently manageable without implementing the class action mechanism and, therefore, it is not the superior method for adjudicating this dispute. The Unruh Act gives every incentive to individuals who believe that they have been the victims of discrimination to bring suit against business establishments. The only reason Plaintiff is seeking a class action certification is to maximize recovery for himself and to maximize attorneys' fees for their counsel, who represents many "Ladies' Night" Plaintiffs such as himself.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

19.     Plaintiff is not entitled to any relief because the discount allegedly offered for the "Leather Meets Lace" party was not arbitrary or invidious and was based on strong public policy.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

20.     While PEII denies that Plaintiff, and the putative class, has been damaged in any way, if it should be determined that Plaintiff, and the putative class, has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiff, and the putative class, failed to take reasonable action to mitigate or minimize their alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

21.     PEII presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  PEII reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

## PRAYER

WHEREFORE, PEII prays for judgment herein as follows:

1.     That Plaintiff, and the putative class, take nothing by way of the Complaint on file herein;

2.     That the Complaint be dismissed with prejudice and judgment entered in favor of PEII;

3.     That PEII be awarded its costs of suit; and

4.     For such other and further relief as the Court deems just and proper.

DEFENDANT'S ANSWER TO COMPLAINT
DWT 18382808v1 0061612-000016

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2450
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED:  October 24, 2011

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
CAMILO ECHAVARRIA
NICOLE M. SANDOZ


By: _____
Nicole M. Sandoz

Attorneys for Defendant
PLAYBOY ENTERPRISES INTERNATIONAL,
INC.

DEFENDANT'S ANSWER TO COMPLAINT
DWT 18382808v1 0061612-000016

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On October 24, 2011, I served the foregoing document(s) described as: **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

> Erik C. Jenkins
> FULLER JENKINS
> 11975 El Camino Real, Suite 200
> San Diego, CA 92130

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on October 24, 2011, at Los Angeles, California.

☑ State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐ Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Miriam Cardona | |
| --- | --- |
| Print Name | Signature |

---

DEFENDANT'S ANSWER TO FAC
DWT 18382808v1 0061612-000016

ii

# EXHIBIT D

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 10/19/11 | | | **DEPT. 324** |
|---|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC470715 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | STEVE FRYE VS PLAYBOY ENTERPRISES INTERNATION INC | Defendant Counsel | |
| | NON-COMPLEX (10-19-11) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Terry A. Green in Department 14 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 14 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

        CLERK'S CERTIFICATE OF MAILING/
          NOTICE OF ENTRY OF ORDER


            Page   1 of   2   DEPT. 324

MINUTES ENTERED
10/19/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 10/19/11 | | | DEPT. 324 |
|---|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC470715 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | STEVE FRYE | | |
| | VS | Defendant | |
| | PLAYBOY ENTERPRISES INTERNATION INC | Counsel | |
| | NON-COMPLEX (10-19-11) | | |

NATURE OF PROCEEDINGS:

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
10-19-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 10-19-11

John A. Clarke, Executive Officer/Clerk

By: _K. Bowen_
     K. Bowen

FULLER JENKINS
Craig D. Fuller, Esq.
11975 El Camino Real, Suite 200
San Diego, California 92030

Page   2 of   2   DEPT. 324

| MINUTES ENTERED |
| 10/19/11 |
| COUNTY CLERK |

# EXHIBIT E

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ERIK C. JENKINS (SBN 188264)<br>FULLER JENKINS<br>11975 EL CAMINO REAL, SUITE 200<br>SAN DIEGO, CA  92130<br><br>TELEPHONE NO.: (858) 450-4050    FAX NO. *(Optional):*   (858) 450-4051<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* STEVE FRYE | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 NORTH HILL STREET
  MAILING ADDRESS: SAME
  CITY AND ZIP CODE: LOS ANGELE, 90012
  BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: STEVE FRYE

DEFENDANT/RESPONDENT: PLAYBOY ENTERPRISES INTERNATIONAL,
INC. and DOES 1 through 500

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 470715 |
|---|---|

TO *(insert name of party being served):* PLAYBOY ENTERPRISES INTERNATIONAL, INC.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 10/24/11

KERRY J. DUPLAISIR
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
  1. ☐ A copy of the summons and of the complaint.
  2. ☒ Other: *(specify):* CLERK'S CERTIFICATE OF MAILING/NOTICE OF ENTRY OF ORDER,
           DATED 10/19/11.

*(To be completed by recipient):*
Date this form is signed:

Camilo Echavarria, Esq., on behalf of
PLAYBOY ENTERPRISES INTERNATIONAL, INC.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]      NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL      Legal<br>Solutions·<br>ᙆ Plus      Code of Civil Procedure,<br>§§ 415.30, 417.10

# EXHIBIT F

# ORIGINAL FILED

NOTICE SENT TO:

LeCrone, John P., Esq.
Davis, Wright, Tremaine LLP
865 S. Figueroa Street, Suite 2400
Los Angeles,        CA   90017-2566

FILE STAMP

OCT 2 8 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| STEVE FRYE | CASE NUMBER |
| Plaintiff(s), | BC470715 |
| VS. | |
| PLAYBOY ENTERPRISES INTERNATIONAL INC | NOTICE OF CASE |
| Defendant(s). | MANAGEMENT CONFERENCE |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for December 15, 2011 at 8:45 am in Dept. 14 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: October 26, 2011                                                    TERRY A. GREEN, JUDGE
                                                                                  Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ √ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: October 26, 2011

John A. Clarke, Executive Officer/Clerk

by  R. CORTEZ                                    , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

## PROOF OF SERVICE BY HAND DELIVERY
### (Secretary)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On November 4, 2011 I caused the following documents described as: **DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT** to be served on all other parties to this action by requesting that a messenger from **Time Machine Network, Inc., 1533 Wilshire Boulevard, Los Angeles, CA 90017** deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as follows:

Erik C. Jenkins, Esq.

Fuller Jenkins

11975 El Camino Real, Suite 200
San Diego, CA 92130
Ph: (858) 450-4050

Executed on November 4, 2011 at Los Angeles, California.

☐     State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑     Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Miriam Cardona
Print Name                      Signature

DEFENDANT'S NOTICE OF REMOVAL
DWT 18411833v1 0061612-000016

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

<u>PROOF OF SERVICE BY HAND DELIVERY</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18
4   and not a party to the within action.  My business address is Time Machine Network, Inc., 1533
Wilshire Boulevard, Los Angeles, CA 90017.

5

On November 4, 2011, I served the following document(s): **DEFENDANT'S**
6   **NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT** on the interested
parties in this action or proceeding, by personally delivering a copy thereof, enclosed in a sealed
7   envelope(s), to the addressee(s) at the following address(es):

8                                       Erik C. Jenkins, Esq.
                                     Fuller Jenkins
9                                       11975 El Camino Real, Suite 200
                                     San Diego, CA 92130
10                                      Ph: (858) 450-4050

11

Executed on November 4, 2011, at Los Angeles, California.

12

State          I declare under penalty of perjury, under the laws of the State of California,
13                           that the foregoing is true and correct.

14   ☑   Federal        I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the
15                           office of a member of the bar of this Court at whose direction the service was
made.

16

17

18   _____          _____
                    Print Name                                           Signature

19

20

21

22

23

24

25

26

27

28

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV11- 9186 JHN (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X]  **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ]  **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ]  **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

 COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Steve Frye | Playboy Enterprises International, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Erik C. Jenkins, Fuller Jenkins<br>11975 El Camino Real, Suite 200, San Diego, CA 92130<br>(858) 450-4050 | Attorneys (If Known)<br>John P. LeCrone & Camilo Echavarria<br>Davis Wright Tremaine LLP<br>865 S. Figueroa, Suite 2400<br>Los Angeles, CA 90017-2566; (213) 633-6800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC Sections 1332, 1348, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: _____ CV11-9186

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Frye: Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Playboy Enterprises International, Inc.: Delaware & Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims: Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date __11/1/11__

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## PROOF OF SERVICE BY HAND DELIVERY
### (Secretary)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On November 4, 2011 I caused the following documents described as: **CIVIL COVER SHEET** to be served on all other parties to this action by requesting that a messenger from **Time Machine Network, Inc., 1533 Wilshire Boulevard, Los Angeles, CA 90017** deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as follows:

> Erik C. Jenkins, Esq.
> Fuller Jenkins
> 11975 El Camino Real, Suite 200
> San Diego, CA 92130
> Ph: (858) 450-4050

Executed on November 4, 2011 at Los Angeles, California.

☐     State  I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑     Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Miriam Cardona | _(signature)_ |
| --- | --- |
| Print Name | Signature |

## PROOF OF SERVICE BY HAND DELIVERY

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Time Machine Network, Inc., 1533 Wilshire Boulevard, Los Angeles, CA 90017.

On November 4, 2011, I served the following document(s): **CIVIL COVER SHEET** on the interested parties in this action or proceeding, by personally delivering a copy thereof, enclosed in a sealed envelope(s), to the addressee(s) at the following address(es):

> Erik C. Jenkins, Esq.
> Fuller Jenkins
> 11975 El Camino Real, Suite 200
> San Diego, CA 92130
> Ph: (858) 450-4050

Executed on November 4, 2011, at Los Angeles, California.

    State     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____    _____
Print Name                Signature

i