1 | ERIK C. JENKINS (State Bar No. 188264)
FULLER JENKINS
2 | 11975 El Camino Real, Suite 200
San Diego, CA 92130
3 | Telephone: (858) 450-4050
Fax. (858) 450-4051
4 |
5 | Attorneys for Plaintiff STEVE FRYE
6 |
7 | JOHN P. LeCRONE (State Bar No. 115875)
johnlecrone@dwt.com
CAMILO ECHAVARRIA (State Bar No. 192481)
8 | camiloechavarria@dwt.com
NICOLE M. SANDOZ (State Bar No. 260992)
9 | nicolesandoz@dwt.com
DAVIS WRIGHT TREMAINE LLP
10 | 865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
11 | Telephone: (213) 633-6800
Fax: (213) 633-6899
12 |
13 | Attorneys for Defendant
PLAYBOY ENTERPRISES
14 | INTERNATIONAL, INC.

15 |

### UNITED STATES DISTRICT COURT

16 |

### CENTRAL DISTRICT OF CALIFORNIA

17 |

| | |
|---|---|
| STEVE FRYE., an individual suing on behalf of himself, and all the putative class,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC. and DOES 1 through 500,<br><br>Defendants. | Case No. **CV11-09186 JAK (AJWx)**<br><br>*Related To  CV11-02128 JAK (AJWx)*<br><br>**[CLASS ACTION]**<br><br>**STIPULATION TO STAY ACTION PENDING RULING ON MOTION FOR RECONSIDERATION AND APPEAL (IF NECESSARY) IN RELATED CASE**<br><br>Judge:      Hon. John A. Kronstadt |

18
19
20
21
22
23
24
25
26
27
28

STIPULATION TO STAY CASE
DWT 19252983v1 0061612-000016

Plaintiff Steve Frye ("Plaintiff") and defendant Playboy Enterprises International, Inc. ("Defendant"), hereby stipulate and respectfully request the Court to stay the present action.

## RECITALS

1.     Presently before the Court is the related case of *David Long, Jr v. Playboy Enterprises International, Inc.*, Case No. CV11-02128 JAK (AJWx) (the "Long Case");

2.     On March 7, 2012, the Court issued its Order re Defendant's Motion for Summary Judgment and granted the Motion in its entirety in the Long Case.

3.     The plaintiff in the Long Case, David Long ("Long") – represented by the same counsel as Plaintiff here – is going to file a Motion for Reconsideration of the Court's Order on or before April 6, 2012,

4.     Should the Motion for Reconsideration be denied Long intends to file an appeal of this Court's March 7, 2012 Order Granting Summary Judgment in the Long Case;

5     The Long Case and the present case brought by Plaintiff Frye (the "Frye Case") both concern third-party charity events that took place at the Playboy Mansion, and whether Defendant is liable for alleged disparate pricing that took place at those parties;

6.     Given the overlapping factual and legal issues between the Long Case and the Frye Case, the parties agree that should the Motion for Reconsideration be denied and the Court's Order be affirmed by the Ninth Circuit, then the Frye case would be resolved and dismissed in short order; and

7     The Parties believe that a stay of the Frye Case pending resolution of the Motion for Reconsideration and, if denied, the appeal of the Court's Order in the Long Case would benefit the Court greatly by avoiding duplicative litigation and saving judicial resources, as well as conserving party resources.

1

## LEGAL STANDARD AND APPLICATION

8.      A district court possesses the inherent power to control its own docket and calendar. *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (*citing Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)).

9       In a case such as this, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id.* at 1465 (upholding stay pending completion of arbitration where the arbitration would resolve three issues and might bear in some way on the ultimate resolution of the remaining three issues) (*quoting Leyva v Certified Grocers*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

10.     When deciding a motion to stay, the district court should consider three factors:  (1) the benefit to the Court from the stay, including the judicial resources that would be saved by avoiding duplicative litigation, (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *see also Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 963 (S.D. Cal. 1996) (before granting a stay the Court should weigh "the possible damage which may result from the granting of a stay, the hardship of inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay") (*quoting Filtrol Corp v. Kelleher*, 467 F.2d 242, 244 (9th Cir 1972)).

11      Here, judicial resources would be saved as the Court would not have to review and decide a motion for summary judgment and a motion for class certification (if summary judgment is denied) in the Frye case.  The Court may also not have to hold a trial in the Frye case.  Furthermore, should the Court or the Ninth Circuit find that the Motion for Summary Judgment in Long should not have been

STIPULATION TO STAY CASE
DWT 19252983v1 0061612-000016

granted, then all the work in the Frye case may have to be redone, which would waste judicial resources and severely prejudice the parties. Finally, there is no prejudice in granting the stay as all the parties are agreeable to it.

### STIPULATION

NOW THEREFORE, Plaintiff Steve Frye and defendant Playboy Enterprises International, Inc., through their respective attorneys, agree and stipulate as follows:

The case is stayed, and all dates vacated, pending resolution of Long's Motion for Reconsideration of this Court's March 7, 2012 Order Granting Summary Judgment in the Long Case, and if denied, resolution of Long's appeal of this Court's March 7, 2012 Order Granting Summary Judgment in the Long Case.

DATED: March 26, 2012

FULLER JENKINS
ERIK C. JENKINS

By_____
Erik C. Jenkins
Attorneys for Plaintiff
STEVE FRYE

DATED: March 26, 2012

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
CAMILO ECHAVARRIA
NICOLE M. SANDOZ

By:_____
Camilo Echavarria
Attorneys for Defendant
PLAYBOY ENTERPRISES
INTERNATIONAL, INC.

3

STIPULATION TO STAY CASE
DWT 19252983v1 0061612-000016

granted, then all the work in the Frye case may have to be redone, which would waste judicial resources and severely prejudice the parties. Finally, there is no prejudice in granting the stay as all the parties are agreeable to it.

## STIPULATION

NOW THEREFORE, Plaintiff Steve Frye and defendant Playboy Enterprises International, Inc., through their respective attorneys, agree and stipulate as follows:

The case is stayed, and all dates vacated, pending resolution of Long's Motion for Reconsideration of this Court's March 7, 2012 Order Granting Summary Judgment in the Long Case, and if denied, resolution of Long's appeal of this Court's March 7, 2012 Order Granting Summary Judgment in the Long Case.

DATED: March 26, 2012        FULLER JENKINS
                          ERIK C. JENKINS


By_____
          Erik C. Jenkins
          Attorneys for Plaintiff
          STEVE FRYE


DATED: March 26, 2012        DAVIS WRIGHT TREMAINE LLP
                          JOHN P. LeCRONE
                          CAMILO ECHAVARRIA
                          NICOLE M. SANDOZ


By:_____
          Camilo Echavarria
          Attorneys for Defendant
          PLAYBOY ENTERPRISES
          INTERNATIONAL, INC.

3