ERIK C. JENKINS (State Bar No. 188264)
FULLER JENKINS
11975 El Camino Real, Suite 200
San Diego, CA  92130
Telephone: (858) 450-4050
Fax: (858) 450-4051

Attorneys for Plaintiff STEVE FRYE


JOHN P. LeCRONE (State Bar No. 115875)
 johnlecrone@dwt.com
CAMILO ECHAVARRIA (State Bar No. 192481)
 camiloechavarria@dwt.com
NICOLE M. SANDOZ (State Bar No. 260992)
 nicolesandoz@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
PLAYBOY ENTERPRISES
INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FRYE., an individual suing on behalf of himself, and all the putative class,<br><br>                    Plaintiff,<br><br>     vs.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC. and DOES 1 through 500,<br><br>                  Defendants. | Case No. **CV11-09186 JAK (AJWx)**<br><br>*Related To:  CV11-02128 JAK (AJWx)*<br><br>**[CLASS ACTION]**<br><br>**JOINT STATUS REPORT RE POSSIBLE STAY OF ACTION PENDING APPEAL IN RELATED CASE**<br><br>Date:   July 30, 2012<br>Time:  1:30 p.m.<br>Room: 750<br><br>Judge:      Hon. John A. Kronstadt |

On June 18, 2012, a status conference was held in the present case brought by Plaintiff Steve Frye (the "Frye Case").  During the status conference, the Court considered the Parties' joint request for a stay pending the appeal in the related case of *David Long, Jr. v. Playboy Enterprises International, Inc.*, Case No. CV11-02128 JAK (AJWx) (the "Long Case").  The Parties requested a stay because the Long Case and the Frye Case presented identical issues in that they both concern third-party charity events that took place at the Playboy Mansion, and whether defendant Playboy Enterprises International, Inc. ("PEII") is liable for alleged disparate pricing that took place at those parties.

In order to more properly evaluate the Parties' request for a stay, the Court ordered Plaintiff to provide discrete written deposition questions to be answered by the person most knowledgeable at PEII.  Plaintiff provided 32 discrete questions to which PEII responded on July 17, 2012.  Attached hereto as Exhibit A are copies of those sworn responses.

The Parties believe that the sworn responses confirm that the Frye Case should be stayed pending the appeal in the Long Case because the issues raised in both cases are identical.  In particular, Plaintiff contends that there are two primary issues on appeal:

(1) whether PEII's lack of knowledge of disparate pricing at the third-party charity event precludes a finding of liability as a matter of law as the Court ruled on Summary Judgment in the Long Case; and

(2) whether Plaintiff should have been entitled to discovery about other third-party promoter parties held at the Playboy Mansion to oppose Summary Judgment.

While PEII does not admit that the second issue is properly on appeal, these same two issues are raised in the Frye case.

1

*First*, as set forth in the sworn responses, PEII alleges it did not have knowledge of any disparate pricing at the Leather and Lace Party on the basis of gender.  In particular, Ms. Thomerson reviewed three separate advertisements for the Leather Meets Lace Party.  Two advertisements provide no pricing information, and state "Leather Meets Lace at The Playboy Mansion."  The third advertisement states "Leather Meets Lace at Playboy Mansion" and provides the following pricing information:  (i) "General Admission (Admits 1) - $1,000.00 (Presale $850.00 until Sept. 1st 2008)"; (ii) "VIP Table (Admits 5) - $5,000.00"; and (iii) "VIP Cabana (Admits 10) - $10,000.00."  This advertisement then goes on to explain what each category of tickets would entail.  <u>None</u> of the advertisements reviewed by PEII contain pricing information that purport to charge men and women different prices.  <u>No other information</u> was provided to PEII that described the pricing party attendees would be charged to attend to event.  (Ex. A [Response to Questions 10, 12, 19-23].)

Thus, as in the Long Case, based on discovery limited to just the party at issue, there appears to be no evidence that PEII had actual knowledge that the promoter for the event intended or did charge men and women different prices for attending the Leather Meets Lace Event.  As a result, the Parties believe that the appeal in the Long Case could resolve the Frye Case on the critical issue of whether lack of knowledge precludes liability against PEII.

*Second*, PEII objects to providing Plaintiff with evidence concerning third-party charity events, other than the event at issue in the Frye case.  PEII believes that such information is irrelevant, overly broad, and not reasonably likely to lead to the discovery of admissible evidence.  (Ex. A [Response to Questions 26-32].)  This is the same position that PEII took with the magistrate judge in the Long Case, and is an issue that Plaintiff plans to raise on appeal.

Given the overlapping factual and legal issues between the Long Case and the Frye Case, the Parties believe that a stay of the Frye Case pending the appeal would

benefit the Court greatly by avoiding duplicative litigation and saving judicial resources, as well as conserving party resources. Indeed, the Parties agree that should the Court's Order Granting Summary Judgment be affirmed by the Ninth Circuit, then the Frye Case would be resolved and dismissed in short order.

*Finally*, applicable law favors a stay in this case. A district court possesses the inherent power to control its own docket and calendar. *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (*citing Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). In a case such as this, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Id*. at 1465 (upholding stay pending completion of arbitration where the arbitration would resolve three issues and might bear in some way on the ultimate resolution of the remaining three issues) (*quoting Leyva v. Certified Grocers,* 593 F.2d 857, 863-64 (9th Cir. 1979)).

When deciding whether to stay a case, the District Court should consider three factors: (1) the benefit to the Court from the stay, including the judicial resources that would be saved by avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *see also Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 963 (S.D. Cal. 1996) (before granting a stay the Court should weigh "the possible damage which may result from the granting of a stay, the hardship of inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay") (*quoting Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)).

Here, judicial resources would be saved as the Court would not have to review and decide a motion for summary judgment and a motion for class

JOINT STATUS REPORT RE POSSIBLE STAY
DWT 19970044v1 0061612-000016

certification (if summary judgment is denied) in the Frye Case. The Court also may
not have to hold a trial in the Frye Case. Furthermore, should the Court or the
Ninth Circuit find that the Motion for Summary Judgment in Long should not have
been granted, then all the work in the Frye Case may have to be redone, which
would waste judicial resources and severely prejudice the Parties. Finally, there is
no prejudice in granting the stay as all the Parties are agreeable to it.

     For these reasons, the Parties request the Court to stay the Frye Case pending
the appeal of the Long Case.

     Respectfully submitted,

DATED: July 23, 2012          FULLER JENKINS
                      ERIK C. JENKINS

By  _____
           Erik C. Jenkins
          Attorneys for Plaintiff
          STEVE FRYE

DATED: July 23, 2012          DAVIS WRIGHT TREMAINE LLP
                      JOHN P. LeCRONE
                      CAMILO ECHAVARRIA
                      NICOLE M. SANDOZ

By: _____
            Camilo Echavarria
          Attorneys for Defendant
          PLAYBOY ENTERPRISES
          INTERNATIONAL, INC.

4